UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Stanley D. Saunders,                  :
                                      :
        Plaintiff,                    :
                                      :
v.                                    :    Civil Action No. 13-1507 (CKK)
                                      :
Frederic V. Rolando,                  :
                                      :
        Defendant.                    :

**MEMORANDUM OPINION**

This case is related to a recently dismissed case plaintiff brought against his former employer, the United States Postal Service, for the alleged manner in which he was fired in November 2009. *See Saunders v. Donahoe*, --- F. Supp. 2d ---, 2014 WL 3563026 (D.D.C. July 21, 2014). Upon receiving notice of his removal, plaintiff pursued a grievance, which was denied by an arbitrator on April 1, 2010. *Id*. at *1-2. In this case, plaintiff sues Frederic V. Rolando, President of the National Association of Letter Carriers, claiming that his "local union, branch 142 . . . did not properly represent on [his] behalf in my arbitration case." Compl. at 1. Plaintiff seeks a written apology and $1.5 million in damages. *Id*. at 5.

Asserting that plaintiff's claim against a union official fails and is otherwise time-barred, defendant moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Mot. to Dismiss of Def. Frederic V. Rolando [Dkt. # 9]. By Order of May 12, 2014 [Dkt. # 11], the Court advised plaintiff about his obligation to respond to the motion by June 16, 2014. On June 23, 2014, plaintiff filed a terse opposition, "contest[ing] the motion on the grounds that" he was directed by the Court "to file the Civil Action in the manner in which it was filed." Pl.'s Opp'n [Dkt. # 12]. Plaintiff has not provided any documentation of the purported directive but,

1

more to the point, plaintiff has not addressed defendant's arguments for dismissal. Since the case law supports dismissal of this action as time-barred, the Court will grant defendant's motion and dismiss the case.

A union has a statutory duty to fairly represent its members at "all levels of . . . representation," including in grievance proceedings. *Gwin v. Nat'l Marine Engineers Beneficial Ass'n*, 966 F. Supp. 4, 7 (D.D.C. 1997), *aff'd*, 159 F.3d 636 (D.C. Cir. 1998) (citing *Air Line Pilots Ass'n v. O'Neill*, 499 U.S. 65, 77-78 (1991)). A union member may bring a claim against the union for a breach of the foregoing duty, *see id.*, but such a claim must be brought within six months of the alleged breach. *See DelCostello v. Intern. Broth. of Teamsters*, 462 U.S. 151, 170, 172 (1983) (holding that a breach of a union's duty of fair representation is an unfair labor practice that "is governed by the six-month provision of § 10(b)" of the National Labor Relations Act); *accord George v. Local Union No. 639, Intern. Broth. of Teamsters*, 100 F.3d 1008, 1014 (D.C. Cir. 1996) (affirming district court's application of "the six-month statute of limitations of section 10(b) to . . . duty of fair representation claims").

Plaintiff does not dispute that his claim arose in April 2010, when the union informed him about the arbitrator's unfavorable decision on his grievance, and it expired "at the latest" in October 2010. Def.'s Mem. [Dkt. 9-1] at 5. Plaintiff's lodging of the instant complaint with the Clerk of Court nearly three years later, on August 22, 2013, renders this case untimely. Hence, even if the complaint is improperly filed against Rolando, *see id.* at 3-4, permitting plaintiff to amend the complaint to name his union as the real party in interest would be a futile exercise.

For the foregoing reasons, defendant's motion to dismiss is granted. A separate Order accompanies this Memorandum Opinion.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

DATE: August 22, 2014